IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LS, *Parent of minor child, SS* and SS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LENAPE HIGH SCHOOL, *LHS*, LENAPE REGIONAL HIGH SCHOOL DISTRICT, *LRHSD*, MERCHANTVILLE POLICE DEPARTMENT, *MPD*,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-1468 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

　　Before the Court is Defendants Lenape High School and Lenape Regional High School District's (hereinafter collectively "Lenape") motion to enforce settlement. [Docket Item 77.] The Court has also considered Plaintiff LS's opposition letter filed pro se [Docket Item 82], and Plaintiff LS's "preliminary objections" letter [Docket Item 87], Lenape's response thereto [Docket Item 88], Plaintiff LS's pro se "notice and request for ruling" [Docket Item 89], and Lenape's response thereto [Docket Item 90]. Although LS is represented by court-appointed pro bono counsel, the submissions of LS, though not specifically authorized by the rules, have been considered. For the reasons that follow, the Court will grant Defendants' motion.

1. This matter arises from pro se Plaintiff LS's claims against Lenape alleging, inter alia, violations of the McKinney-Vento Homeless Assistance Act of 1987 and violations of Section 504 of the Rehabilitation Act of 1973.[1] LS purported to represent her minor daughter SS in the matter, but since a non-attorney parent or guardian cannot represent their minor in this Court without assistance of counsel, Judge Williams appointed Kerri E. Chewning, Esq. to represent the interests of Plaintiff SS and Ellis I. Medoway, Esq. to represent the interests of Plaintiff LS. Attorneys Chewning and Medoway represented Plaintiffs SS and LS throughout the negotiation and consummation of the settlement agreement.

2. Subsequently, the parties engaged in settlement discussions, and the parties settled the matter during a hearing before Magistrate Judge Williams on December 14, 2016 [Docket Item 59]. The parties placed their oral agreement upon the record before Judge Williams on December 14, 2016. However, on December 16, 2016, Plaintiff LS personally filed a "Rescision [sic] of Acceptance of Settlement Agreement Between Plaintiffs and LRHSD" because "[i]n the State of New Jersey there is a 72 hour period in which any agreement can be cancelled." [Docket

---

[1] The complaint in this matter was filed pro se by Plaintiffs LS and her minor daughter SS. Plaintiffs also named the Merchantville Police Department as a Defendant, which is not a party to the alleged settlement.

Item 61.] Plaintiff further explains that she would like to "cancel this agreement because this agreement is not fair nor does it encompass a relief to the crime of LHS and LRHSD placing the Defendants [sic] into involuntary servitude." [Docket Item 61.][2]

3. The construction and enforcement of settlement agreements is governed by state law. Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 348-49 (D.N.J. 1996). Under New Jersey law, a "settlement between parties to a lawsuit is a contract like any other contract." Peskin v. Peskin, 638 A.2d 849, 856 (N.J. App. Div. 1994). "Therefore parties create an enforceable contract when they agree on its essential terms and manifest an intent that the terms bind them." Baer v. Chase, 392 F.3d 609, 619 (3d Cir. 2004) (citing West Caldwell v. Caldwell, 138 A.2d 402, 410 (N.J. 1958)). As a result, "a court, absent demonstration of fraud or other compelling

---

[2] Plaintiff also objects to Defendants' motion to enforce settlement under Fed. R. Civ. P. 5 and 6 because "Defendant failed to serve of a copy of their motion upon Plaintiffs." [Docket Item 87.] The Court finds no issue with the service of Defendants' motion, as Plaintiff LS herself attaches a copy of the receipt of the motion on the date of its filing, February 14, 2017. [Ex. O1 to Pl.'s Opp'n.] Moreover, L. Civ. R. 5.2 states that: "Papers served and filed by electronic means in accordance with procedures promulgated by the Court are, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil and criminal rules of the District of New Jersey." As Lenape correctly notes, its motion to enforce settlement "was served upon Plaintiff L.S. via ECF in accordance with Local Civ. Rule 5.2." [Docket Item 88 at 2.]

3

circumstances, should honor and enforce as it does other contracts." <u>Pascarella v. Bruck</u>, 190 N.J. Super. 118, 124-125 (App. Div. 1983). Additionally, "an oral agreement as to the essential terms of a settlement is valid even though the parties later intend to reduce their agreement to a formal writing." <u>See id.</u> at 124; <u>see also</u> <u>Shernoff v. Hewlett-Packard Co.</u>, No. 04-4390, 2006 WL 3511188, at *3 (D.N.J. July 17, 2006). Given New Jersey's "strong public policy in favor of settlement," courts should "strain" to uphold settlements "wherever possible". <u>Bistricer v. Bistricer</u>, 231 N.J. Super. 143, 147 (App. Div. 1987)(citations omitted).

    4.    Following negotiations, Mr. Madden, on behalf of Lenape, placed the terms of the agreement on the record, consisting of the District waiving certain claims it may have against LS and agreeing to pay LS and SS a specific total sum, such sum to be allocated between LS and SS, subject to court approval at a forthcoming friendly settlement hearing, with the Plaintiffs to give a complete and final release of all claims against the Lenape Defendants, their representatives, officers, employees, and insurers. <u>See</u> Tr. 12/14/16[3] at 4:17 – 7:13. The

---

[3] There is a typographical error on the cover page of the hearing transcript which mistakenly says "December 24, 2016" for the hearing date. The correct date is "December 14, 2016," as reflected on the docket sheet [Docket Item 59], and in Plaintiff LS's notice of rescission of acceptance filed on December 16, 2016 [Docket Item 61], and in Defendants' motion to enforce

4

parties including LS further agreed that they would address the relative amounts of the split of the total settlement sum between parent and child, subject to court approval. Id. at 6:19-22. Whatever that split may be, it will not affect the total settlement obligation of Lenape or Plaintiffs and is thus not material to the present dispute.

    5.    Here, there is no question that Plaintiff LS knowingly and voluntarily entered into the settlement agreement, as evidenced by the December 14, 2016 hearing transcript. First, counsel asked LS about her understanding of the settlement.

> Mr. Medoway: And before we met, we're in open Court now, before sealed, we're in open Court now and we're just discussing what the terms of this settlement are but you had a chance to meet and confer with Ms. Chewning and myself about what the terms and conditions were for Lenape's offer, am I correct?
>
> [LS]: Yes.
>
> Mr. Medoway: Did you understand the explanation we provided you about those terms and conditions?
>
> [LS]: Yes.

---

settlement [Docket Item 77] itself.  Accordingly, the Court will refer to the hearing transcript as "Tr. 12/14/16."  That transcript [Docket Item 77-2] remains under seal pending resolution of Defendants' motion to seal document [Docket Item 84], which will be separately addressed.  In the meantime, the Court has made reference to certain parts of that Transcript herein which it determines are not confidential in terms of protecting the interests of the minor plaintiff SS and which are necessary for an understanding of the present motion to enforce.

(Tr. 12/14/16 at 8:16-25.)  Then, counsel carefully asked LS whether she understood that this settlement is final and that she could not change her mind if she accepted it:

> Ms. Chewing: By accepting the terms here today in open Court on the record, the settlement essentially is effective today so there's no changing your mind tomorrow or the next day. Once – there will be paperwork that will formalize it but the Court will treat this as a settlement and will enforce the terms of the settlement as we discussed them today; you understand that?
>
> [LS]: Yes, I understand.
>
> The Court: So you – I'm sorry.
>
> Mr. Medoway: Just for the last, this is final. Once you agree to this today, Lenape at some point will be out and your claims against Lenape will be released as well as your daughter's, okay?
>
> [LS]: Okay.
>
> The Court: All right . . . do you enter into this agreement freely, knowingly, and voluntarily?
>
> [LS]: Yes, Your Honor.
>
> The Court: You understand that this is a case that could have been decided by a jury if it got that far and jury could have gotten more, less or nothing at all; Do you understand that?
>
> [LS]: Yes, Your Honor.
>
> The Court: By virtue of this agreement, you're waiving any right to go forward in this case; you understand that?
>
> [LS]: Yes, Your Honor, and that's Lenape Regional High School District.

(Tr. 12/14/2016 at 11:20 to 12:21.)  Finally, counsel asked Plaintiff once more whether she understand what she was agreeing to.

> Mr. Madden: Judge, I want to make sure that the plaintiff understands that you are dismissing any and all claims that you have against the Lenape Regional High School District and everybody associated with the District?
>
> [LS]: Yes, I understand and I can't come back at a later point and say hey, I want to address this issue. I'm releasing all issues right now.

(Id. at 13:6-12.)

6. Plaintiff LS, in summary, was questioned about each term and condition of the parties' settlement agreement. (Id. at 7:22 – 11:17.)  She continually indicated her understanding and acceptance. (Id.)  She was at all times represented by counsel and indicated that she understood and accepted the agreement. In the present enforcement motion, the opposition of LS never says that she did not understand the provisions of this agreement, nor does LS claim that any material details were withheld from her.

7. Given the above colloquy, the Court finds no reason to rescind the settlement agreement between Plaintiff and Lenape. Plaintiff states no compelling circumstance, like fraud or misrepresentation, or even innocent miscomprehension, justifying such rescission.  The Court finds Plaintiff's averment invoking a "72-hour period in which any agreement can be cancelled" to be

without merit, as it has found no caselaw or other authority underpinning that proposition.[4] Were that the law, no party could ever rely on a clear agreement, reached in court and placed upon the record knowingly and voluntarily until after expiration of some rescission period. The Court therefore denies Plaintiff's request to rescind the December 14, 2016 settlement agreement and finds that the terms of the settlement agreement shall be recognized. The Court thus determines that the parties agreed to the December 14 settlement. This determination does not address whether that settlement agreement should be approved as in the best interests of the minor

---

[4] Plaintiff may be referring to New Jersey's Door-to-Door Retail Installment Sales Act (DDRISA), N.J.S.A. 17:16C61.1 to -61.9. That Act enables consumers to reconsider entering into retail installment sales contracts for goods "within a reasonable period of time and to rescind the sale if he acts before 5 p.m. of the third business day following the day on which the contract is executed." N.J.S.A. 17:16C-61.3. The Act was intended to curb the "unsolicited and often unethical persuasion of certain door-to-door sellers." Id. Given that the Lenape Defendants are not door-to-door sellers, the DDRISA would not apply. However, in United Consumer Financial Services Co. v. Carbo, 410 N.J. Super 280, 300 (App. Div. 2009), the court held that the duration of DDRISA's "cooling-off period" was preempted by the Federal Trade Commission's "Cooling-Off Rule," which gives consumers a 3-day right to cancel a sale made at a home, workplace, or dormitory, or at a seller's temporary location, like a hotel or motel room, convention center, fairground, or restaurant. 16 C.F.R. § 429.1. But this Rule only applies to a "seller," which is defined as "[a]ny person, partnership, corporation, or association engaged in the door-to-door sale of consumer goods or services." 16 C.F.R. § 429.0. The Cooling-Off Rule therefore does not apply to the Lenape Defendants, as parties to a settlement agreement in federal litigation.

8

plaintiff SS, which remains to be addressed at the "friendly settlement hearing" contemplated by the parties' December 14th agreement, as discussed above.

8. Lastly, the Court addresses Plaintiff LS's pro se motion for partial summary judgment against the Lenape Defendants [Docket Item 65.] The Court ordered Plaintiff's motion for partial summary judgment to be held in abeyance pending adjudication of Lenape's motion to enforce settlement [Docket Item 69.] Plaintiff LS recently, in her "Notice and Request for Ruling" filed pro se on April 25, 2017 [Docket Item 89], requested that the Court rule on her partial summary judgment and her "preliminary objection" [Docket Item 87], which concerned alleged lack of service of the Defendants' motion to enforce settlement upon her. The Court has found proper service of Defendants' motion (see note 2, above), and has now upheld the settlement agreement of December 14, 2017, ending the parties' dispute about Plaintiff's claims against the Lenape Defendants. Accordingly, the Court will dismiss Plaintiff's pro se motion for partial summary judgment as moot, the matters at issue having been resolved by settlement.

9. The accompanying Order shall be entered.

| | |
|---|---|
| **May 4, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |